IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TED WARREN LEWIS, PRO SE, § | | |
| TDCJ-CID No. 1257456, § | | |
| Previous TDCJ-CID No. 1209159, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0037 | |
| § | | |
| JULITO UY, BRIAN W. RODEEN, § | | |
| UTTMB TDCJ-ID, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff TED WARREN LEWIS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Amended Complaint, plaintiff alleges he injured his shoulder before his incarceration, cracking his collar bone and straining a muscle. Plaintiff states he has suffered problems with his shoulder ever since then and, in 2004, received x-rays while at the Gurney Unit which revealed a bone spur in his shoulder. Plaintiff says that, upon his 2005 arrival at the Clements Unit, defendant Dr. UY ordered several sets of x-rays of plaintiff's shoulder and administered a shot of cortisone. Plaintiff states he has received more than six shots of cortisone since 2004 and has been prescribed various pain medication, including Nuproxen, Ibuprofen, Motrin, Proxicam, Salsalate, and a non-aspirin pain reliever. Plaintiff complains none of these medications have relieved his pain and that, after his December 2007 cortisone shot, he was just

"given the run around." Plaintiff also complains his bottom bunk restriction was withdrawn in February of 2008, after his filed his original complaint in this suit.

Plaintiff requests declaratory judgment, injunctive relief in the form of an order requiring defendant Doctors UY and REVELL[1] to stop harassing him and to prescribe him adequate pain medication and render adequate medical care, compensatory damages of $20,000.00 from each defendant, punitive damages of $20,000.00 from each defendant, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

---

[1] Plaintiff does not include Dr. REVELL as a named defendant; however, his original complaint contained allegations against him and, by his Amended Complaint, plaintiff requests relief relating to him. It appears that, for all intents and purposes, plaintiff is pursuing a claim against Dr. REVELL, as well as Dr. UY.

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Eleventh Amendment Immunity**

Plaintiff has named UTTMB and TDCJ-ID as defendants. The Clerk has listed them together as one defendant on the docket. The Court will treat them as separate entities for purposes of this analysis.

Regarding defendant UTTMB, plaintiff appears to be attempting to name the University of Texas Medical Branch (UTMB); however, since plaintiff was at the Clements Unit when the complained-of acts and omissions occurred, he should have named the Texas Tech University Health Sciences Center (TTHSC). Regardless of which entity plaintiff is suing, plaintiff's claims against TTHSC and UTMB are barred by the Eleventh Amendment, as are his claims against the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). The Texas Department of Criminal Justice, Correctional Institutions Division[4], Texas Tech University Health Sciences Center[5] and the University of Texas Medical Branch[6] are each agencies of the State of Texas, and plaintiff's claims against these entities are, in effect, raised against the State of Texas. The Eleventh Amendment embodies "the fundamental principle of

---

[4]The eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989).

[5]*United States v. Texas Tech University*, 171 F.3d 279, 289 n.14 (5th Cir. 1999)("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.").

[6]*Baldwin v. University of Texas Medical Branch at Galveston*, 945 F.Supp. 1022, 1030 n.4 (S.D.Tex. 1996)("As part of the University of Texas System, UTMB is a state agency.")(citing Tex. Educ. Code Ann. Sections 65.02(a)(8), 74.001 (Vernon 1972 & Supp. 1995)).

sovereign immunity [that] limits the grant of judicial authority in Art. III." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97-98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). The doctrine of sovereign immunity bars suit against a state agency because, in such a case, the State itself is the real party in interest. Consequently, such a lawsuit is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Court notes that plaintiff may be seeking injunctive relief; however, to avail himself of the *Young* doctrine[7], which carves an exception to operation of Eleventh Amendment immunity where prospective injunctive relief is sought, a plaintiff must be seeking declaratory and injunctive relief against state officers in their individual capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *accord, Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582 (Tex.App.--Houston [14th Dist.] 1987, *writ ref'd n.r.e.)* (when seeking injunctive relief that involves the activity of a state agency, the plaintiff must sue some individual in authority at the agency, not the agency itself). Therefore, plaintiff's claims against these two entities are barred by the Eleventh Amendment and are subject to dismissal without prejudice under Rule 12(b)(1), Federal Rules of Civil Procedure.

**Statute of Limitations**

Plaintiff references events stretching as far back as 2005. To the extent he bases any claim on events occurring before February 26, 2006, such claim(s) appears to be beyond the statute of limitations.

---

[7]*Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Plaintiff filed the instant lawsuit on February 26, 2008. Therefore, claims which accrued more than two years before suit was filed are barred by operation of limitations, lack an arguable basis in law, and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

**Deliberate Indifference**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional

diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations and the facts contained in plaintiff's Step 2 Grievance no. 2008038195 which plaintiff attached to his original complaint show plaintiff has received periodic care which included a referral to a specialist a the Montford Unit and physical therapy in June of 2006, as well as attempts to provide pain relief by the prescription of a variety of pain medications and cortisone shots. Further, when plaintiff was dissatisfied with the treatment being provided by Dr. UY, he requested a second opinion and was seen by Dr. REVELL.

Plaintiff's complaint is that the doctors have been unable to render him pain free. As plaintiff states in his Step 2 grievance no. 2008038195[8], he "just want[s] to be healed." Of course, not every patient can be healed, *i.e.*, returned to a previous state of near-perfect health and not every patient can be rendered pain-free without addictive drugs. Plaintiff has not pointed to any legitimate medical protocol which would make him pain free and which was refused.

It is clear plaintiff is dissatisfied with the medical care he has received and does not feel it has been efficacious. Nevertheless, plaintiff's disagreement with the defendant doctors over the method and result of his medical treatment, and his contention that some alternative method of treatment should be utilized does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Even if plaintiff's allegations were sufficient to state a claim of medical negligence, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

---

[8]Attached to plaintiff's original complaint.

Concerning his claims of inadequate medical care, plaintiff has failed to state a claim on which relief can be granted.

**Retaliation**

Plaintiff complains that his bottom bunk restriction was withdrawn after he filed the instant suit. Plaintiff does not identify who withdrew the restriction nor does he allege any fact to support his implied claim of retaliation. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

The Fifth Circuit has rejected temporal proximity as showing causation in the context of § 1983 retaliation cases based on prisoner grievances. *Reeves v. Wood,* 206 Fed. Appx. 368, 370 (5th Cir.2006) (citing *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995)). In *Reeves,* the Fifth Circuit stated that allowing temporal proximity alone to suffice for causation would result in endless claims of retaliation hampering the efficiency of the penal system. *Id.* (citing *Woods,* 60 F.3d at 1166). While the constitutional right in this case is the filing of a lawsuit, not a grievance, that circumstance does not strengthen plaintiff's showing of causation. To rule otherwise would create a never-ending series of suits every time any prisoner exercised any constitutional right and then suffered some unwanted treatment whether or not the exercise of the right and the treatment suffered were linked. Without the allegation of additional facts to support causation, this claim fails.

**Liability of Supervisory Official**

Lastly, plaintiff has sued BRIAN W. RODEEN, Warden II of the Clements Unit, and argues RODEEN "is legally responsible for the operation of the William P. Clements Unit and for the welfare of all the inmates in that prison." Plaintiff makes no further allegation against this defendant. Plaintiff's claim against defendant RODEEN appears to be premised entirely upon his supervisory position; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by defendant RODEEN and has alleged no fact showing any causal connection between any act or omission of his and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant RODEEN fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GABRIEL M. SMITH be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT

PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).